UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY JO TODD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COURT OF EQUITY/COMMON LAW,<br><br>　　　　　Defendant. | No. 2:19-cv-01943 JAM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

(3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit against "court of equity/common law" for "compensation when the government take & use your property, Extrinsic Fraud & Failed to Notify Party of hearing & Fraud upon the court." ECF No. 1 at 1-2. Plaintiff checks a box for "federal question" as the basis for jurisdiction but does not identify any federal law or constitutional violation as the basis for jurisdiction. Id. at 4. Plaintiff's statement of claim is incoherent, but references extrinsic fraud within the court system, a change of jurisdiction to another state, removal of files from a

case, and failure to notify a party to keep away during hearings. Id. at 5. As to damages, plaintiff alleges: "It's left my son and me with a missing bond we are not family. The art of being a mother and he my son the mental stress and waiting to find out what happen. And who, because it was people on the inside working in their favor not ours." Id. at 6. Plaintiff seeks one million dollars for each of the 12 years her son was kept from her. Id.

B. Analysis

This complaint must be dismissed for two fundamental reasons: it fails to state a claim upon which relief may be granted, and it seeks monetary relief from a defendant who is immune from such relief. Although plaintiff's complaint against "the court of law/equity"[1] contains no factual allegations, it is apparent from plaintiff's request for relief that she is (1) suing the state court system or a judge within that system, and (2) that her suit is based on a custody decision in which her she apparently lost custody of her son. ECF No. 1 at 6.

To the extent plaintiff is attempting to sue a judge for a decision regarding custody of her son, she cannot do so because judges are immune from suit. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988), or (2) taken in the complete absence of all jurisdiction, Stump v. Sparkman, 435 U.S. 349, 356–57 (1991). Plaintiff does not make any allegations that indicate one of these exceptions is met. To the contrary, plaintiff's complaint is about a custody decision. ECF No. 1 at 6. Accordingly, to the extent plaintiff is attempting to sue a judge on the court of law/equity, her claims are barred. To the extent plaintiff intends to sue the actual court in which the custody decision at issue was made, a court cannot be civilly liable for the actions of its judges under any theory of which this court is aware. To the extent plaintiff intends to sue the California state judiciary or any of its departments or officers, the Eleventh

---

[1] The court is aware of no such entity, though context indicates plaintiff is referencing a state court with the capacity to make family law decisions.

3

Amendment would bar the claims.[2]  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

Moreover, under the Rooker-Feldman doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005); see also Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  The Rooker-Feldman doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief.  Bianchi v. Rylaarsdam, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting Feldman, 460 U.S. at 483 n. 16).  Rooker-Feldman thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision.  Id. at 900 n.4.  This bar prevents the court from considering plaintiff's claims that result from the state court's child custody decisions.

Plaintiff's claims are absolutely barred, and she cannot state a claim in federal court.  Fed. R. Civ. P. 12(b)(6).  Because of this, amendment would be futile.  Noll, 809 F.2d at 1448.  For these reasons, the complaint should be dismissed without leave to amend.

## II. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because it brings claims against immune defendants.  Additionally, plaintiff's "Motion for Relief" (ECF No. 3) should be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections

---

[2] Plaintiff makes no clear factual allegations and presents no exhibits regarding the actions of such entities.

4

with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 16, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE